IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03401-BNB

JOEY BUENO,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Joey Bueno, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility. Mr. Bueno has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). He is challenging the validity of his Colorado convictions in case numbers 92CR96 and 92CR209 in the Douglas County District Court. Mr. Bueno has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On January 2, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After being granted an extension of time to file a pre-answer response, Respondents submitted a Motion for Leave to File Motion to Dismiss (ECF No. 13) arguing that the Application was time barred. The Court granted leave and the Motion to Dismiss Habeas Application (ECF No. 14) was accepted for filing. After being

granted an extension of time to file a response to the Motion to Dismiss, Mr. Bueno submitted his Reply (ECF No. 18) on March 17, 2014.

The Court must construe Mr. Bueno's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will grant Respondents' Motion to Dismiss and deny the Application as untimely.

## I. Background

In 1993, a jury found Mr. Bueno guilty of kidnapping, burglary, aggravated robbery, aggravated motor vehicle theft, and second degree assault in case number 92CR96.  (ECF No. 1, at 1; No. 14-1, at 32.)  In case number 92CR209, Mr. Bueno pled guilty to ten separate counts of aggravated robbery.  (ECF No. 1, at 1; No. 14-2, at 26.)  The trial court sentenced him to 118 years of imprisonment.  (ECF No. 1, at 1; No. 14-1, at 36.)

### A.  Case Number 92CR96

With respect to case 92CR96, Mr. Bueno filed a direct appeal, and the Colorado Court of Appeals affirmed in part, reversed in part, and remanded with directions to vacate the conviction of second degree burglary and eliminate any sentence imposed for that conviction.  (ECF No. 14-1, at 25.)  On April 2, 1996, the Colorado Supreme Court order denying certiorari review was filed in the state district court, and the mandate issued April 10, 1996.  (*Id.* at 24.)

According to the record before the Court, Mr. Bueno did not file any motions for

more than two years, until he submitted a motion for appointment of postconviction counsel on June 18, 1998. (ECF No. 14-1, at 21.) On October 9, 1998, Mr. Bueno filed *pro se* a motion for postconviction relief (hereinafter "Pro Se Postconviction Motion"). (*Id.*) In November 1998, the court appointed postconviction counsel to Mr. Bueno. (*Id.*) In April 2003, nearly five years after being appointed counsel, Mr. Bueno's postconviction counsel filed a "Brief in Support of Motion for New Trial" (hereinafter "2003 Postconviction Supplement"), which the state court considered as a supplement to the Pro Se Postconviction Motion. (*Id.*, at 18; ECF No. 18, at 11.) On November 4, 2003, the state district court denied the 2003 Postconviction Supplement as untimely and denied the Pro Se Postconviction Motion on the merits. (*Id.*) Mr. Bueno appealed, the Colorado Court of Appeals affirmed, and his petition for writ of certiorari was denied in February 2006. (*Id.,* at 17.)

On June 20, 2006, Mr. Bueno filed another petition for postconviction relief challenging the effectiveness of his appointed postconviction counsel (hereinafter "2006 Postconviction Counsel Motion") (ECF No. 14-1, at 17; ECF No. 18, at 11.) In June 2009, Mr. Bueno's new court-appointed counsel supplemented the 2006 Postconviction Counsel Motion. (ECF No. 14-1*,* at 15; ECF No. 18, at 21.) On December 16, 2009, the state district court granted the 2006 Postconviction Counsel Motion finding that Mr. Bueno's postconviction counsel was ineffective and that the court should consider the merits of the 2003 Postconviction Supplement. (ECF No. 14-1, at 15; ECF No. 18, at 11.)

The record reflects that the state district court set an evidentiary hearing to be held in September 2010, but that hearing was continued. (ECF No. 14-1, at 15; ECF

No. 18 at 13, 22.) On January 18, 2011, the state district attorney apparently objected to rescheduling the evidentiary hearing, and the new judge directed the parties to submit a timeline relating to Mr. Bueno's postconviction motions. (ECF No. 14-1, at 14; ECF No. 18, at 22.) The new judge then determined that a hearing was unnecessary, and on September 8, 2011, denied postconviction relief. (ECF No. 14-1, at 13.) Mr. Bueno appealed, and in January 2014, the Colorado Court of Appeal order affirming the decision and Colorado Supreme Court order denying certiorari were filed in the state district court. (*Id.,* at 12; ECF No. 14-2, at 15.)

### B. Case Number 92CR209

Mr. Bueno filed a direct appeal in case 92CR209, and the Colorado Court of Appeals affirmed the conviction and sentence in 1996. (ECF No. 14-2, at 22.) On December 9, 1996, the Colorado Supreme Court denied certiorari. (*Id.*)

According to the record before the Court, Mr. Bueno did not file any motions until January 30, 1998, when he filed a motion for appointment of counsel. (ECF No. 14-2, at 21.) In February 1998, the state district court ordered the Office of the Public Defender to represent Mr. Bueno in his postconviction proceedings. (*Id.*) In April 1998, Mr. Bueno's appointed public defender withdrew because of conflict, and Mr. Bueno's subsequently appointed counsel also withdrew in November 1998. (*Id.*) On November 30, 1998, Mr. Bueno appears to have filed a motion for application for postconviction relief (hereinafter "First Postconviction Motion"). (*Id.*) On December 9, 1998, Mr. Bueno was appointed postconviction counsel but the record does not indicate any resolution of the First Postconviction Motion. (*Id.,* at 20.)

In April 2003, Mr. Bueno filed a second motion for postconviction relief

(hereinafter "Second Postconviction Motion").[1]  (ECF No. 14-2, at 20.)  On July 31, 2003, the state district court denied the Second Postconviction Motion.  (*Id.*)  Mr. Bueno appealed, and the Colorado Court of Appeals affirmed the denial on April 21, 2005.  (*Id.,* at 19.)  On August 22, 2005, the Colorado Supreme Court denied certiorari review.  (*Id.*)

On April 7, 2008, Mr. Bueno filed a third petition for postconviction relief (hereinafter "Third Postconviction Motion").  (ECF No. 14-2, at 19.)  In June 2008, the state district court appointed counsel, and a supplement to the postconviction petition was filed through Mr. Bueno's counsel on March 3, 2010.  (*Id.,* at 18-19; ECF No. 18, at 22.)  It appears that at some point the state district court consolidated the postconviction proceedings in case 92CR209 and case 92CR96, and denied postconviction relief in both cases on September 8, 2011.  (ECF No. 14-1, at 13-14; ECF No. 14-2, at 17-18.)  The Colorado Court of Appeals affirmed and certiorari review was denied in January 2014.  (ECF No. 14-2*,* at 15.)

## II. Habeas Application

Mr. Bueno initiated the instant habeas corpus action on December 17, 2013, and asserts fifteen claims.  The claims are presented as follows:

- Claim One: The trial court erred when it denied the defense's motion to suppress evidence based upon an unconstitutional search and seizure.

- Claim Two: At the suppression hearing, the trial court violated the Defendant's constitutional rights to due process of law, effective assistance of counsel, and to confront the witnesses against him, when it did not require the prosecution to produce reports regarding the other offenses that were used to generate the suspicion for the

---

[1]This is around the same time that Applicant files, through postconviction counsel, his 2003 Postconviction Supplement in case 92CR96.  (*See* ECF No. 14-1, at 18.)

       police contact with the Defendant, inhibiting a meaningful cross-examination of the prosecution's witnesses, and the trial court's proper determination of the "totality of the circumstances."

- Claim Three: The trial court erred when it found that the police contact with the Defendant was an investigatory stop and not an arrest.

- Claim Four: The evidence was insufficient, as a matter of law, to sustain Defendant's conviction for kidnapping.

- Claim Five: Contrary to its findings, the trial court had the discretion, pursuant to C.R.S. § 18-1-408, to sentence Defendant for the aggravated robbery and burglary convictions concurrently.

- Claim Six: Pursuant to C.R.S. § 18-1-408, the trial court was required to sentence Defendant concurrently on his convictions for aggravated robbery and assault upon Robert D'Amico Sr.

- Claim Seven: Pursuant to C.R.S. § 18-1-408, the trial court was required to sentence Defendant concurrently for his convictions of aggravated robbery and kidnapping.

- Claim Eight: The trial court erred when it found the police possessed a reasonable and articulable suspicion sufficient for a valid investigatory stop.

- Claim Nine: The Court denied Defendant his right to counsel on his motion to withdraw his guilty plea.

- Claim Ten: The Court erred when it concluded that Defendant had voluntarily, knowingly and intelligently waived his right to counsel.

- Claim Eleven: The Court erred when it found that that Defendant did not present a fair and just reason to withdraw his guilty pleas.

- Claim Twelve: Knight provided ineffective assistance of counsel to Defendant because he failed to challenge the prosecution's star-witness informant.

- Claim Thirteen: Knight provided ineffective assistance of counsel to Defendant because he failed to adequately address discovery violations made by the prosecution.

- Claim Fourteen: Knight provided ineffective assistance of counsel

>   to Defendant because he failed to present any defense or alibi
>   witnesses for Defendant, and forbade Defendant to testify in his
>   own defense.
>
> • Claim Fifteen: Defense counsel's failure to move to suppress the
>   testimony of Michael Stern.

(ECF No. 1, at 2-14.)

Respondents move to dismiss the Application arguing that it was filed outside the one-year limitation period in 28 U.S.C. § 2244(d).  In response, Mr. Bueno asserts that he timely filed his original postconviction motion in the state court within the "federal statutory time limit of three years for filing his habeas corpus petition." (*See* ECF No. 18, at 1.)  Mr. Bueno also contends that "excusable neglect, justifiable excuse, inadvertence, or mistake of law exists for Petitioner failing to file his habeas petition within one-year, as the Respondents claim needed to be done." (*Id.*).

Respondents are correct that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year limitations period for filing a habeas application in federal court.  Section 2244(d) provides as follows:

>   (1)  A 1-year period of limitation shall apply to an application
>   for a writ of habeas corpus by a person in custody pursuant
>   to the judgment of a State court.  The limitation period shall
>   run from the latest of–
>
>   >   (A)  the date on which the judgment became
>   >   final by the conclusion of direct review or the
>   >   expiration of the time for seeking such review;
>   >
>   >   (B)  the date on which the impediment to filing
>   >   an application created by State action in
>   >   violation of the Constitution or laws of the
>   >   United States is removed, if the applicant was
>   >   prevented from filing by such State action;
>   >
>   >   (C)  the date on which the constitutional right
>   >   asserted was initially recognized by the

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. One year limitation period for case number 92CR96

The Court first must determine the date on which the judgment of conviction in case 92CR96 became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final "after the United States Supreme Court has denied review" of a decision by the state court of last resort, or, "if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Here, the Colorado Supreme Court order denying certiorari review was filed in the state district court on April 2, 1996. (ECF No. 14-1, at 25.) Mr. Bueno did not file a petition for writ of certiorari with the United States Supreme Court. Thus, Mr. Bueno's conviction became final on or around July 1, 1996, when the time for him to seek review with the United States Supreme Court expired.[2]

The Court also finds that the one-year limitation period began to run on July 1,

---

[2] Applicant's conviction become final after the effective date of the AEDPA— April 24, 1996. Thus, the Application is subject to the one-year limitation period under the AEDPA.

8

1996, because Mr. Bueno does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The Court next must determine whether the one-year limitation period was tolled for any period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. *See also Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a postconviction motion is pending is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction

application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, Mr. Bueno's limitations period began to run on or about July 1, 1996, and continued unabated until it expired a year later on or about July 1, 1997. *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year limitations period ends on the one-year anniversary of the date upon which the period began to run). The state court registry for case number 92CR96 shows that Mr. Bueno did not file any motions during this period. (*See* ECF No. 14-1, at 22-23.) His first motion for postconviction relief was not filed until October 9, 1998, more than fifteen months after the one-year limitation period had expired. (*Id.,* at 22.)

Moreover, Mr. Bueno's June 18, 1998 motion for postconviction counsel also was filed after expiration of the one-year limitation period. Even if the motion for counsel was filed prior to July 1, 2007, it does not qualify as a properly filed state court postconviction motion. *See Woodford v. Garceau,* 538 U.S. 202, 207 (2003) (holding that a motion requesting postconviction counsel that does not state any factual or legal grounds for relief as requires by Rule 35(c) is not a properly filed application for § 2244(d) purposes, because it does not call for a decision on the merits); *see also Banks v. Trani,* 373 Fed. Appx. 857, 858-59 (10th Cir. 2010). Accordingly, this Court finds that Mr. Bueno's postconviction motions in case 92CR96 did not toll the limitations period because it had expired before he filed any motions. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the

one year allowed by AEDPA will toll the statute of limitations.").

### B. One year limitation period for case number 92CR209

The Court next must determine when the judgment of conviction became final in case 92CR209. The Colorado Supreme Court denied certiorari review on December 6, 1996. (ECF No. 14-2, at 22.) Mr. Bueno did not file a petition for writ of certiorari with the United States Supreme Court, and thus his conviction became final on or around March 6, 1997, when the time for him to seek review with the United States Supreme Court expired.[3]

The Court also finds that the one-year limitation period began to run on March 6, 1997, because Mr. Bueno does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.   *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The Court next must determine whether the one-year limitation period was tolled for any period. Here, Mr. Bueno's limitations period began to run on March 6, 1997, and would have expired a year later on March 6, 1998, unless the limitations period was tolled by a properly filed state court postconviction motion. The state court record reflects that Mr. Bueno's first application for postconviction relief was not filed until November 30, 1998, which is more than nine months after the one-year limitation period

---

[3] Again Applicant's conviction become final after the effective date of the AEDPA, and thus the Application is subject to the one-year limitation period.

had expired.  (*See* ECF No. 14-2, at 21.)  Similarly, even if Mr. Bueno's October 9, 1998 postconviction motion filed in case 92CR96 (*See* ECF No. 14-1, at 21) was later treated as pertaining to case 92CR209, this motion also was filed beyond the one-year limitation period.

Moreover, Mr. Bueno's request for postconviction counsel filed January 30, 1998 does not qualify as a properly filed state court postconviction motion that statutorily tolls the one-year limitation period.  *See Woodford,* 538 U.S. at 207; *Banks,* 373 Fed. Appx. at 858-59.  Accordingly, the Court finds that Mr. Bueno's postconviction motions in case 92CR209 likewise did not toll the limitations period because it had expired before he filed any postconviction petitions.  *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Therefore, this action is time-barred in the absence of some other reason to toll the one-year limitation period.

### C. Equitable tolling

The one-year limitation period in § 2244(d) is not jurisdiction and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  Generally, equitable tolling is appropriate if the applicant shows both (1) "that he has been pursuing his rights diligently" and (2) "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.  Moreover, an applicant's ignorance of the law does not justify the extraordinary

remedy of equitable tolling. *See Marsh v. Soares* , 223 F.3d 1217, 1220 (10th Cir. 2000); *Hallcy v. Milyard*, 387 F. Appx. 858, 860 (10th Cir. 2010). Furthermore, in order to demonstrate that he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson* , 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).  However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Bueno first argues that his appellate counsel erroneously instructed him that he had no time constraints for filing his federal habeas petition.  (*See* ECF No. 18, at 3,

13

10). In *Lawrence v. Florida,* the United States Supreme Court rejected an applicant's argument that his counsel's mistake in miscalculating the AEDPA limitations period entitled him to equitable tolling. 549 U.S. 327, 336-37 (2007). The Supreme Court held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.; see also Rouse v. Lee,* 339 F.3d 238, 248-49 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present that extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" and citing cases supporting this proposition from the Second, Third, Fifth, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits); *Reynolds v. Hines,* 55 Fed. Appx. 512, 513 (10th Cir. 2003) (affirming "reject[ion] [of] Reynolds' request that the limitations period be equitably tolled" noting "Reynolds' attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstances entitling Reynolds to equitable tolling").

However, "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans,* 481 F.3d 1249, 1254 (10th Cir. 2007); *see also Holland,* 560 U.S. at 652 (2010) (stating that one-year limitation period is subject to equitable tolling when "serious instances of attorney misconduct" have occurred). Sufficiently serious instances of attorney misconduct require more than mere attorney error. *See e.g., Fleming,* 481 F.3d at 1256-57 ("attorney deceived [petitioner] into believing that he was actively pursuing Mr. Fleming's legal remedies when, in fact, he was not."); *Holland,* 560 U.S. at 652 (attorney

14

failed to file federal petition on time despite petitioner's many letter that repeatedly emphasized the importance of his doing so; attorney failed to do research necessary to find out proper filing date, despite petitioner's letters that identified the applicable legal rules; attorney failed to inform petitioner in timely manner about the crucial fact that state supreme court had decided his case, again despite petitioner's many pleas for that information; and attorney failed to communicate with client over a period of years, despite various pleas from petitioner).

Here, Mr. Bueno does not allege that his appellate counsel was hired to file his federal habeas petition.  Nor does Mr. Bueno claim that his appellate counsel deceived him or somehow caused him to believe that he was actively pursing his habeas claims in either state or federal court.  Mr. Bueno's allegations that his counsel misinformed him of the AEDPA limitations period demonstrate no more than an attorney's simple mistake in interpreting the statute of limitations.  Thus, *Fleming* and *Holland* are inapplicable, and *Lawrence* controls: "Attorney miscalculation is simply not sufficient to warrant equitable tolling."  549 U.S. 336-37; *see also Baldayaque v. United States* 338 F.3d 145, 152 (2d Cir. 2003) (simple attorney mistakes about the rules that apply to deadlines for filing habeas petitions are ordinary and normally will not warrant equitable tolling).

Moreover, Mr. Bueno does not provide any allegations demonstrating that he acted diligently in pursuing his federal rights.  Although, it appears Mr. Bueno asked his appellate counsel about the deadline for filing his federal habeas petition in one letter dated December 20, 1996 (*see* ECF No. 18, at 10), Mr. Bueno makes no additional allegations about any other steps he took to pursue his federal habeas claims.  Thus,

Applicant fails to allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang*, 525 F.3d at 930.

Mr. Bueno also argues that equitable tolling of the one-year limitation period is appropriate because he is actually innocent. (*See* ECF No. 18, at 1, 7.) Mr. Bueno, however, fails to provide any factual allegations or evidence to support his claim of actual innocence. *See Schlup*, 513 U.S. at 324 (explaining that a credible claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Moreover, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110; *see also Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

For all these reasons, the Court finds that Mr. Bueno has not demonstrated that the limitations period should be tolled. Therefore, the Application is time-barred and must be dismissed in its entirety. Accordingly, it is

ORDERED that Respondents' Motion to Dismiss Habeas Application (ECF No. 14) is GRANTED, the Application (ECF No. 1) is DENIED, and the action is DISMISSED as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  11th  day of   April  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court