IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03401-LTB

JOEY BUENO,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION FOR RECONSIDERATION

Applicant, Joey Bueno, has filed *pro se* a "Motion for Relief from Court Order or Judgment." (ECF No. 21). The Court must construe the document liberally because Mr. Bueno is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Mr. Bueno's motion to reconsider was docketed on May 12, 2014, thirty-one days after a Final Judgment was entered dismissing this action on April 11, 2014. The motion to reconsider includes a certificate of service which states that Plaintiff served the motion on Respondents and the Court on May 8, 2014. (ECF No. 21 at 8). The certificate of service, however, does not establish Mr. Bueno's entitlement to the benefit of the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (inmate can obtain benefit of prison mailbox in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid). Because Mr. Bueno fails to demonstrate that timely filing was made under the prison mailbox rule, the Court finds that the motion was filed more than twenty-eight days after judgment was entered, and that it will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

Mr. Bueno filed a § 2254 Application challenging the validity of his Colorado convictions in case numbers 92CR96 and 92CR209. In the order of dismissal (ECF No. 19), the Court determined that the action was untimely under the AEDPA one-year limitation period, 28 U.S.C. § 2244(d)(1). The Court found that for case number 92 CR96, the limitation period commenced on July 1, 1996, when Mr. Bueno's conviction became final. The Court further found that the one-year period ran unabated until it elapsed because Mr. Bueno did not file any state post-conviction motions to toll the limitation period. See U.S.C. § 2244(d)(2). The Court also found that for case number 92CR209, the limitation period commenced on March 6, 1997, when Mr. Bueno's conviction became final. The Court further found that the one-year period ran unabated until it elapsed because Mr. Bueno did not file any state post-conviction motions to toll the limitation period. See U.S.C. § 2244(d)(1). The Court rejected Mr. Bueno's contention that appellate counsel's erroneous calculation of the AEDPA limitations period justified equitable tolling. The Court explained that attorney miscalculation is not sufficient to warrant equitable tolling. The Court also noted that Mr. Bueno failed to provide any allegations demonstrating that he acted diligently in pursuing his federal rights. Finally, the Court found that Mr. Bueno failed to provide any factual allegations or evidence to support his claim of actual innocence.

In his motion for reconsideration, Mr. Bueno contends that "[h]is attorney failed to properly and adequately inform him regarding the one-year limitation for filing his habeas petition" and that his reliance on counsel's advice constitutes justifiable excuse or excusable neglect for the untimely filing of his habeas petition. (See ECF No. 21 at 1-5). He also contends that a fundamental miscarriage of justice has occurred because

he is actually innocent. (*Id.* at 6-7). As discussed above, the Court addressed and rejected these arguments in the April 11 order of dismissal. Revisiting issues that have already been addressed "is not the purpose of a motion to reconsider." *Van Skiver*, 952 F.2d at 1243. Mr. Bueno fails to demonstrate any exceptional circumstances that would justify relief under Fed. R. Civ. P. 60(b).

Upon consideration of the motion and the entire file, the Court finds that Mr. Bueno has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action. The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed. Accordingly, it is

ORDERED that the "Motion for Relief from Court Order or Judgement" (ECF No. 21), filed *pro se* by Applicant, Joey Bueno, on May 12, 2014, which the Court has treated as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

DATED at Denver, Colorado, this 15th day of May, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court